

FILED
2005 Aug-15  PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIS DAVIDSON, | ) |
| Plaintiff, | ) |
| vs. | ) CV 05-B-1357-S |
| RIVER BEND EXPRESS; ERNEST KERSEY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Remand. (Doc. 2.) On June 23, 2005, defendants removed this case from the Jefferson County Circuit Court. (Doc. 1.) Defendants contend that this case became removable on June 3, 2005, when plaintiff dismissed his claims against the non-diverse defendants. (*Id.*¶¶ 5, 10.) Plaintiff contends that defendants' Notice of Removal was untimely filed pursuant to 28 U.S.C. § 1446(b), and, therefore, this case is due to be remanded. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand, (doc. 2), is due to be granted.

On June 25, 2004, plaintiff originally filed this action in state court against four defendants: (1) River Bend Express, (2) Ernest Kersey, (3) Birmingham Beverage Company, and (4) Christopher L. Finch. Plaintiff, Birmingham Beverage, and Finch are residents of Alabama; River Bend Express and Kersey are residents of Georgia.

On April 20, 2005, plaintiff filed a Stipulation of Dismissal as Against Birmingham Beverage Company and Christopher Finch. This Stipulation states: Comes now the plaintiff and stipulates that Birmingham Beverage Company, Inc. and Christopher Finch are due to be dismissed with prejudice as defendants in this cause . . . ." (Doc. 1, Ex. A, Stipulation.) On June 3, 2005, the state court dismissed Birmingham Beverage and Finch "[a]s per Plaintiff's Stipulation of Dismissal." (Doc. 1, Ex. B.)

Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b). "This time limitation [for filing a Notice of Removal] is not jurisdictional and may be waived by the plaintiff." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000)(citing *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)). "Nevertheless, the time limitation is mandatory and 'must be strictly construed.'" *Id*. (citing *Webster v. Dow*, 925 F.

2

Supp. 727, 729 (M.D. Ala. 1996); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993)).  "[T]he plain purpose of the language of 28 U.S.C. § 1446(b) is to permit the removal period to begin only after the defendant is able to **ascertain intelligently** that the requisites of removability are present." *Clingan v. Celtic Life Insurance Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003)(internal quotations and citations omitted, emphasis added).  Therefore, this court must determine when defendants were "able to ascertain intelligently that the requisites of removability [were] present." *See id*.

The case stated by the initial pleading was not removable.  (*See* doc. 1, Complaint.) Defendants contend that this case became removable when the state court dismissed the non-diverse defendants on June 3, 2005.  Plaintiff contends that this case became removable on April 20, 2005, when the Stipulation of Dismissal was filed.[1]

"[I]t has long been established that a change in parties which destroys diversity will render a complaint removable under § 1446(b) only when the change is made by a voluntary act by the plaintiff, such as the filing of an amended complaint." *Merritt v. Mazda Motor of America, Inc.*, 103 F. Supp. 2d 1305, 1309 (M.D. Ala. 2000)(citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967); *Mize v. Amercraft Corp.*, 874 F. Supp. 356, 358 (M.D.

---

[1] Plaintiff alleges in the alternative, that a letter from a mediator, dated May 5, 2005, stating that plaintiff had settled with the non-diverse defendants was also notice to diverse defendants that the case had become removable. Because the court finds that the Stipulation of Dismissal, filed April 20, 2005, was adequate notice under § 1446(b), it pretermits discussion of whether the mediator's letter was also notice under § 1446(b).

Ala. 1994)). Although this Circuit has not ruled on this precise issue, numerous other jurisdictions have held that a case becomes removable when the diverse defendant receives notice, in writing, of plaintiff's settlement with non-diverse defendants or that plaintiff has otherwise abandoned his claims against non-diverse defendants. *See Parker v. County of Oxford*, 224 F. Supp. 2d 292, 295 (D. Me. 2002)("[T]he receipt by Defendants in the instant case of a copy of the signed transmittal letter enclosing a Stipulation of Dismissal of [defendant that did not consent to removal], was an 'other paper' indicating to Defendants that their case was now removable."); *Adams v. Estate of Keck*, 210 F. Supp. 2d 863, 865 (W.D. Ky. 2002)(a settlement agreement, without formal dismissal, extinguished claims against non-diverse defendant and made case removable); *Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 979-80 (S.D. Miss. 2000)("[T]he thirty-day time limit under § 1446(b) is triggered only after the removing defendant receives some written notification evidencing an unequivocal abandonment of the plaintiff's claim against any remaining defendants whose citizenships would preclude diversity jurisdiction.") (citing *Rawlings v. Prater*, 981 F. Supp. 988 (S.D. Miss. 1997)); *Finger v. Firestone Tire & Rubber Co., Inc.*, No. 87 C 6901, 1988 WL 1443, *1 (N.D. Ill. Jan. 5, 1988)("The stipulated dismissal, even if not formally entered, appears to take Vittorio out of consideration in determining, for purposes of removal, whether complete diversity existed.")(citations omitted); *Erdey v. American Honda Co.*, 96 F.R.D. 593, 598-99 (M.D. La. 1983)("The cases have consistently held that a voluntary dismissal or any other kind of voluntary discontinuance of the action as to the non-diverse

4

defendants makes the action removable by the diverse defendant. . . . Where plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. § 1446(b))(citations omitted), *modified on other grounds*, 558 F. Supp. 105 (M.D. La. 1983). Defendants have not offered any case law to the contrary.

The court finds that plaintiff's Stipulation of Dismissal of his claims against the non-diverse defendants clearly was the "paper from which it may first be ascertained that the case . . . has become removable." Because this Stipulation was filed on April 20, 2005, defendants were required to file a Notice of Removal on or before May 20, 2005. Defendants' Notice of Removal, filed on June 23, 2005, was untimely. Therefore, plaintiff's Motion to Remand is due to be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendants' Notice of Removal was untimely filed; therefore, this case is due to be remanded to the Circuit Court of Jefferson County, Alabama. An Order granting plaintiff's Motion to Remand, (doc. 2), and remanding this case to the Circuit Court of Jefferson County will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 15th day of August, 2005.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

6